UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JULIE A. SU,<br>Acting Secretary of Labor,<br>United States Department of Labor,<br><br>*Plaintiff*,<br><br>v.<br><br>BRONX URGENT CARE, P.C. d/b/a<br>BRONX URGENT CARE; BASIL<br>BRUNO, individually; and SAMUEL<br>SINGER, individually,<br><br>*Defendants*. | **COMPLAINT**<br><br>Civil Action No. 23-10868 |

## INTRODUCTION

Plaintiff JULIE A. SU, Acting Secretary of Labor, United States Department of Labor (the "Acting Secretary"), by and through undersigned counsel, brings this action under sections 16(c) and 17 of the Fair Labor Standards Act of 1938, as amended (29 U.S.C. § 201, *et seq.*) (the "Act" or the "FLSA"), alleging that Defendants BRONX URGENT CARE, P.C. d/b/a BRONX URGENT CARE, BASIL BRUNO, and SAMUEL SINGER (collectively, "Defendants") willfully violated sections 7 and 15(a)(2) of the Act and to recover back wages, liquidated damages, and to enjoin acts and practices which violate the provisions of the FLSA, and to obtain other appropriate relief.

Defendants, who operate a medical urgent care facility, knowingly denied their non-exempt employees their rightful overtime pay by willfully failing to pay them time-and-a half for hours worked over 40 in a workweek. Instead, Defendants paid employees, who routinely worked upwards of 45 to 60 hours per week, their straight-time hourly rate for all hours worked and failed to properly compensate them for additional overtime hours. Thus, from December 14, 2020

1

through at least February 20, 2023 ("the relevant time period") and possibly continuing, Defendants willfully violated the FLSA by failing to pay their employees the required overtime premium for hours worked over 40 in a workweek to which they are entitled under the law.

## JURISDICTION AND VENUE

1. Jurisdiction over this action is properly conferred upon this Court by Section 17 of the FLSA, 29 U.S.C. § 217, and 28 U.S.C. §§ 1331 and 1345.

2. Venue is proper in the United States District Court for the Southern District of New York because a substantial part of the events or omissions which gave rise to the claims herein occurred in this District, specifically Bronx County, 28 U.S.C. § 1391(b)(2).

## FACTUAL ALLEGATIONS

### THE PARTIES

#### Plaintiff

3. Plaintiff JULIE A. SU, Acting Secretary of Labor, United States Department of Labor, is vested with authority to file suit to restrain violations of the FLSA and recover back wages and liquidated damages and is the proper plaintiff for this action.

#### The Corporate Defendant

4. Defendant Bronx Urgent Care, P.C. d/b/a Bronx Urgent Care ("Bronx Urgent Care") is a domestic professional service corporation organized under the laws of the state of New York, having its business address at 1733 East 174th Street, Bronx, New York 10472, within the jurisdiction of this Court, where it is engaged in the business of operating an urgent medical care center.

5. During the relevant time period, Bronx Urgent Care operated a nationally licensed and state accredited medical office and engaged in medical testing and urgent medical care for local residents.

6. During the relevant time period, Bronx Urgent Care performed services such as physicals, immunizations, pregnancy tests, pre-operative examinations, wound care, and various other medical testing.

7. During the relevant time period, Bronx Urgent Care employed physician assistants, registered nurses, medical assistants, medical billers, receptionists, and possibly other job titles.

8. Bronx Urgent Care has regulated the employment of all persons employed by it and acted directly and indirectly in the company's interest in relation to the employees during the relevant time period. Thus, Bronx Urgent Care is an "employer" of the employees within the meaning of section 3(d) of the FLSA, 29 U.S.C.§ 203(d), and is a "person" within the meaning of section 3(a) of the FLSA, 29 U.S.C. § 203(a).

The Individual Defendants

9. Defendant Basil Bruno ("Bruno") was the owner of Bronx Urgent Care during the relevant period.

10. Bruno is and has been in active operational control and management of Bronx Urgent Care and its employees throughout the relevant time period.

11. During the relevant time period, Bruno was the only licensed medical doctor at Bronx Urgent Care.

12. Bruno was responsible for and oversaw the operation of the medical practice operated by Bronx Urgent Care throughout the relevant time period.

13. Bruno had the authority to hire and fire employees at Bronx Urgent Care during the relevant time period.

14. Bruno authorized the hiring of employees of Bronx Urgent Care during the relevant time period.

15. Bruno had the authority to determine the rate of pay of Defendants' clinical and administrative employees during the relevant time period.

16. Bruno determined the rate of pay of Defendants' clinical employees during the relevant time period.

17. During the relevant time period, Bruno supervised clinical employees at Bronx Urgent Care, including physician assistants and registered nurses.

18. During the relevant time period, Bruno also supervised administrative employees at Bronx Urgent Care, including medical assistants, medical billers, and receptionists.

19. Bruno regulated the employment of all persons he employed and acted directly and indirectly in the interest of Bronx Urgent Care in relation to the employees during the relevant time period.

20. Bruno is thus an "employer" of the employees within the meaning of section 3(d) of the FLSA, 29 U.S.C.§ 203(d), and is a "person" within the meaning of section 3(a) of the FLSA, 29 U.S.C. § 203(a).

21. Defendant Samuel Singer ("Singer") was the Operations Manager of Bronx Urgent Care throughout the relevant time period.

22. Singer's business card indicates that he is an "owner" of Bronx Urgent Care.

23. Singer is and has been in active operational control and management of Bronx Urgent Care and its employees throughout the relevant time period.

24. During the relevant time period, Singer was the direct manager of Bronx Urgent Care's administrative employees including medical assistants, medical billers, and receptionists.

25. Singer had the authority to hire and fire employees at Bronx Urgent Care during the relevant time period.

26. Singer hired employees to work at Bronx Urgent Care during the relevant time period.

27. Singer had the authority to determine the rate of pay of Defendants' administrative employees during the relevant time period.

28. During the relevant time period, Singer determined the rate of pay of Defendants' administrative employees.

29. Singer regulated the employment of all persons he employed and acted directly and indirectly in the interest of Bronx Urgent Care in relation to the employees during the relevant time period.

30. Singer is thus an "employer" of the employees within the meaning of section 3(d) of the FLSA, 29 U.S.C.§ 203(d), and is a "person" within the meaning of section 3(a) of the FLSA, 29 U.S.C. § 203(a).

**Defendants Are An Enterprise Engaged in Commerce**

31. The business activities of Defendants, as described herein, are related and performed through common control for a common business purpose and constitute an enterprise within the meaning of section 3(r) of the Act.

32. At all times relevant to this Complaint, Bronx Urgent Care had an annual gross volume of sales made or business done in an amount not less than $500,000.

33. The enterprise has employees handling or using goods or materials that have been moved in or produced for commerce such as medical devices, medical supplies, and medical equipment needed to perform their duties.

34. Therefore, Defendants' employees are employed in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of section 3(s)(1)(A) of the Act, 29 U.S.C. § 203(s)(1)(A).

## DEFENDANTS' PROHIBITED PAY PRACTICES

### Failure to Pay Overtime Premiums

35. From December 14, 2020 through at least February 20, 2023, Defendants routinely required their physician assistants, registered nurses, medical assistants, medical billers, and receptionists to work over 40 hours in a workweek.

36. Many of Defendants' employees routinely worked between 42 to 55 hours per week throughout the relevant time period.

37. At all times during the relevant time period, Defendants paid employees on a weekly basis.

38. At all times during the relevant time period, Defendants paid employees at a single hourly rate for all hours worked in a workweek.

39. At all times during the relevant time period, employees' hourly rates generally ranged from $18.00 per hour to $22.00 per hour.

40. During the relevant time period, Defendants paid employees the same hourly wage for all hours worked without regard to the number of overtime hours worked each week.

41. For example, according to Defendants' records, for the workweek ending August 14, 2021, an employee who worked 45.73 hours was paid an hourly rate of $22.00 for all hours

worked. Defendants only paid the employee the $22.00 straight time hourly rate for the 45.73 hours worked without any additional overtime premium.

42. For the workweek ending December 5, 2021, Defendants' records show an employee who worked 46.35 hours was paid an hourly rate of $19.00 for all hours worked. Defendants paid the employee only the $19.00 straight time hourly rate for the 46.35 hours worked without any additional overtime premium.

43. Additionally, according to Defendants' records, for the workweek ending January 1, 2022, an employee who worked 54.23 hours was paid an hourly rate of $26.00 for all hours worked. Defendants again paid only the $26.00 straight time hourly rate for all 54.23 hours without any additional overtime premium.

44. Lastly, for the workweek ending May 7, 2022, Defendants' records show an employee who worked 48.98 hours was paid an hourly rate of $20.00 for all hours worked. Again, Defendants paid only the $20.00 straight time hourly rate for all 48.98 hours without any additional overtime premium.

45. As a result, during the relevant time period, Defendants failed to pay their employees one-and-one-half times their regular rate of pay for hours worked in excess of 40 per week, as prescribed by section 7 of the FLSA.

**Defendants' Actions Are Willful**

46. Since at least 2018, Defendants knew of their obligation to pay their non-exempt employees overtime premiums when they worked more than 40 hours in a workweek.

47. Defendants' Employee Handbook dated 2018 provides that "In compliance with the State and Federal law, Bronx Urgent Care, P.C. and its entities compensate non-exempt employees for working in excess of forty (40) hours a week. All hourly non-exempt employees

will be paid at the rate of time and one-half (1½ times their regular rate of pay) for all hours exceeding 40 in one week."

48. Defendants' Employee Handbook was provided to all employees as part of their employment.

49. Despite this knowledge, Defendants continued to employ employees for workweeks longer than forty hours without compensating the employees at a rate not less than one and one-half the regular rate at which they were employed during the relevant time period.

50. Accordingly, Defendants' failure to pay overtime to non-exempt employees during the relevant time period was willful.

## FIRST CAUSE OF ACTION

### Violation of Sections 7(a) and 15(a)(2) of the FLSA, Failure to Pay Overtime

51. The Acting Secretary incorporates by reference and realleges the allegations in paragraphs 1 to 50 of the Complaint.

52. Defendants in many workweeks have willfully violated, and continue to violate, the provisions of sections 7 and 15(a)(2) of the Act by employing their employees in an enterprise engaged in commerce or in the production of goods for commerce, for workweeks longer than 40 hours, as prescribed in section 7 of the Act, without compensating the employees for their employment in excess of the prescribed hours at rates not less than one and one-half times the regular rates at which they were employed.

53. Therefore, Defendants are liable for unpaid overtime compensation owing to their employees under section 7 of the Act and an equal amount in liquidated damages under section 16(c) of the Act or, in the event liquidated damages are not awarded, unpaid overtime

compensation and prejudgment interest on said unpaid overtime compensation under section 17 of the Act.

**WHEREFORE**, cause having been show, Plaintiff respectfully requests judgment be entered against Defendants providing the following relief:

1. An injunction issued pursuant to section 17 of the Act permanently restraining Defendants, their officers, agents, servants, employees, and those persons in active concert or participation with Defendants, from violating the provisions of sections 7 and 15(a)(2) of the Act;

2. An order pursuant to section 16(c) of the Act finding Defendants liable for unpaid overtime compensation found due Defendants' employees listed on the attached Exhibit A and an equal amount of liquidated damages (additional back wage compensation and liquidated damages may be owed to certain employees presently unknown to Plaintiff for the period covered by this Complaint); or

3. In the event liquidated damages are not awarded, for an injunction issued pursuant to section 17 of the Act restraining Defendants, their officers, agents, employees, and those persons in active concert or participation with Defendants, from withholding the amount of unpaid overtime compensation found due Defendants' employees and prejudgment interest computed at the underpayment rate established by the Secretary of Treasury pursuant to 26 U.S.C. § 6621;

4. An order compelling Defendants to reimburse the Acting Secretary for the costs of this action; and

5. An order granting such other relief as the Court may deem necessary or appropriate.

DATED: December 14, 2023
New York, New York

    SEEMA NANDA
    Solicitor of Labor

    JEFFREY S. ROGOFF
    Regional Solicitor

    *s/ Susan Jacobs*
    SUSAN B. JACOBS
    Senior Trial Attorney

    U.S. Department of Labor
    Office of the Regional Solicitor
    201 Varick Street, Room 983
    New York, NY 10014
    (646) 264-3664
    Jacobs.@dol.gov
    NY-SOL-ECF@dol.gov

    *Attorneys for Plaintiff Julie A. Su,*
    *Acting Secretary of Labor*

# **EXHIBIT A**

Alexis Amill
Emily Aparicio
Teresa Avila
Shakilah Ellington
Christina Feliciano
Sharita Jones
Selest Perez
Tania Reyes
Juan Torres
Erika Varela